```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :   MEMORANDUM & ORDER
            v.                                              :   24-CR-319 (WFK)
                                                            :
                                                            :
KEITH BRADY,                                                :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 5, 2024, Keith Brady ("Defendant") pled guilty to the sole count of an Information, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement ¶ 1, ECF No. 22. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to thirty (30) months' custody; to be followed by two years' supervised release with both standard and special conditions of supervision, excepting the search condition of electronic items; and payment of the mandatory special assessment of $100.00.

## I. BACKGROUND

On March 2, 2024, NYPD officers conducted a traffic stop of a vehicle driving with excessively tinted windows. Sealed Presentence Investigation Report ("PSR") ¶ 9. Defendant's brother was driving; Defendant was in the front passenger seat. *Id.* Defendant's brother refused to provide his identification to the officers and began screaming at them. *Id.* The officers arrested Defendant's brother and brought his vehicle to the 69th Precinct in Brooklyn, New York. *Id.* During an inventory search of the vehicle, officers found a 9mm semiautomatic pistol in the glove box and a magazine with approximately seventeen rounds of ammunition. *Id.* ¶ 10. Defendant was the main contributor of DNA on the firearm. *Id.*

An arrest warrant for Defendant was issued on July 23, 2024. *Id.* ¶ 11. Defendant self-surrendered the next day. *Id.* On September 5, 2024, Defendant pled guilty to the sole count of

an Information, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Information, ECF No. 21; Plea Agreement, ECF No. 22.

## II. LEGAL STANDARD

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## III. ANALYSIS

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

2

1.     *Family and Personal Background*

Defendant was born on December 18, 1978, in Brooklyn, New York. PSR ¶ 40. Defendant and his three brothers were raised primarily by their mother in a family-oriented household. *Id.* ¶ 44. Defendant lived in public housing, but his basic needs were met. *Id.*

Defendant grew up in a neighborhood filled with street and gun violence. *Id.* ¶ 45. There, Defendant witnessed robberies, fights, and beatings. *Id.*

Defendant's father physically abused Defendant, his brothers, and his mother. *Id.* Local law enforcement was often called to their home for domestic-violence reports. *Id.* Defendant later learned his father suffered from substance abuse problems and cocaine addiction. *Id.*

Defendant's mother passed away in 2008 from blood clots; Defendant is unaware of his father's current circumstances. *Id.* Defendant enjoys great relationships with his brothers, one of whom was initially arrested for the instant offense before Defendant claimed responsibility for the firearm. *Id.* ¶ 41. Defendant's brothers help run his clothing and general entertainment businesses. *Id.* ¶¶ 41, 67–68. Defendant's brothers are aware of the instant case and supportive. *Id.* Defendant also has a half-brother, with whom he is not currently in touch. *Id.* ¶ 42.

Defendant has never been married. *Id.* ¶ 46. He is currently in a relationship. *Id.* Defendant's partner was recently pregnant with their twins, tragically losing both in her eighth month of pregnancy. *Id.* ¶ 47. His partner is aware of the instant case and supportive. *Id.* Defendant has three children from prior relationships. *Id.* ¶¶ 47–50. Two of his children are minors; they alternate between staying with Defendant and their mothers. *Id.*

3

2. *Educational and Employment History*

Defendant attended Canarsie High School and George Westinghouse High School in Brooklyn, New York. *Id.* ¶ 63. Defendant dropped out in the eleventh grade after his grandmother passed away in 1994. *Id.* ¶ 63. Defendant reports earning his High School Equivalency diploma in 2001. *Id.* ¶ 64.

Defendant was unemployed from 1996 to 2006 because he was incarcerated. *Id.* ¶ 70. From 2006 to 2012, Defendant worked primarily in construction. *Id.* He was also employed at three different companies: Finesse Models Inc., the Brooklyn Bowl, and Grease Lightening. *Id.*

From 2015 to 2023, Defendant was unemployed because he was recovering from a severe slip-and-fall accident. *See infra* III.A.4. Physical and Mental Health. *Id.* ¶ 69. He currently owns and operates a clothing apparel business and a general entertainment company with the help of his brothers and sons. *Id.* ¶¶ 67–68.

3. *Prior Convictions*

In addition to the conduct charged in the instant case, Defendant has five prior convictions. In 1996, he was convicted of Attempted Robbery in the Second Degree: Aided by Another. *Id.* ¶ 27. In 1997, Defendant was convicted of (1) Attempted Assault in the Third Degree: With Intent to Cause Physical Injury and (2) Robbery in the First Degree: Displays What Appears to be a Weapon. *Id.* ¶ 28–29. For this latter conviction, Defendant was sentenced to seven to fourteen years' custody. *Id.*

In 2014, Defendant was convicted of Attempted Assault in the Third Degree: With Intent to Cause Physical Injury; for this he was sentenced to ninety (90) days' custody. *Id.* ¶ 30. In 2015, Defendant was convicted of Harassment in the Second Degree and conditionally discharged subject to an order of protection. *Id.* ¶ 31.

### 4. *Physical and Mental Health*

Defendant has previously suffered from blood clots in his left leg. *Id.* ¶ 57. In 2016, Defendant was involved in a slip-and-fall accident, sustaining injuries to his back and left knee. *Id.* ¶ 54. He underwent several surgeries, none of which were successful. *Id.* ¶¶ 54–56. He is currently trying to schedule a surgery to remove the screws in his spine. *Id.* ¶ 54. Medical records from April 4, 2023, state Defendant "is unable to work full-time and requires assistance with activities of daily living including lifting, and similar tasks for which he now relies." *Id.* ¶ 56. Defendant's physicians recommend he use medically supervised marijuana for pain control due to his injuries. *Id.*

Defendant does not report any mental or emotional health conditions. *Id.* ¶ 58.

### 5. *Substance Abuse*

Defendant smoked marijuana in his teenage and young adult years. *Id.* ¶ 59. He participated in a six-month in-patient substance abuse treatment program sometime between 2012 and 2015 to address his marijuana use. *Id.* ¶ 62. Defendant graduated from the program after four months. *Id.* He began smoking marijuana again after his slip-and-fall accident in 2016 as an alternative to narcotics. *Id.* ¶ 59. Defendant did not want to take pain relievers because he witnessed addiction earlier in his life. *Id.* Defendant applied for a medical marijuana license, but the Court denied his request to modify the conditions of his release on September 23, 2024. *Id.*

Defendant used to drink alcohol at social events but stopped in 2021. *Id.* ¶ 61.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

5

### B.  The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved possessing a firearm and ammunition while knowing he had a prior felony conviction.  *See supra* Part I.  The Court's sentence deters others from engaging in similar acts and justly punishes Defendant for his crimes.

### C.  The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant.  18 U.S.C. § 3553(a)(3).

Defendant pled guilty to the sole count of the Information, charging him with being a Felon in Possession of a Firearm.  Plea Agreement ¶ 1. Defendant faces a statutory maximum term of imprisonment of fifteen (15) years and no minimum term of imprisonment.  18 U.S.C. §§ 922(g)(1), 924(a)(8).  He faces a maximum term of supervised release of three years.  18 U.S.C. § 3583(b)(2).  If Defendant violates a condition of release, he may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision.  18 U.S.C. §§ 3583(e).  Defendant is eligible for one- to five-years' probation.  18 U.S.C. § 3561(c)(1).  Unless extraordinary circumstances exist, the Court must also impose one

of the following as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b)(3). However, Defendant's financial profile indicates he is unable to pay a fine. PSR ¶ 76. He faces criminal forfeiture pursuant to paragraphs six (6) through twelve (12) of the Plea Agreement. Plea Agreement ¶¶ 6–12. The Court is also required to impose a mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for Felon in Possession of a Firearm is U.S.S.G. §2K2.1, which provides a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. §2K2.1(a)(4)(A). Defendant's November 1997 conviction for Robbery in the First Degree is a crime of violence, so his base offense level is 20. Three levels are subtracted because Defendant timely accepted responsibility under U.S.S.G. §3E1.1. Altogether, Defendant has a total adjusted offense level of 17. PSR ¶ 78; Def. Sent'g Mem. at 1.

The parties' recommendations as to an appropriate sentence vary.

Probation recommends a sentence of twenty-four (24) months' imprisonment, two years' supervised release with special conditions, and the mandatory $100.00 special assessment. Sealed Probation Recommendation at 1, ECF No. 28-1. The Government recommends a

7

Guidelines sentence of 30 to 37 months' imprisonment. Gov't Sent'g Mem. at 1. Defense counsel recommends a non-custodial sentence. Def. Sent'g Mem. at 1.

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

### E.     Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The parties have not expressly drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F.     The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The parties have not identified any concerns regarding sentence disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G.     The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is inapplicable in this case under 18 U.S.C. § 3663A.

## IV. CONCLUSION

For the reasons set forth above, the Court imposes a sentence of thirty (30) months' imprisonment; to be followed by two years' supervised release with both the standard and special

conditions of supervision, excepting the search condition of electronic items; and the mandatory $100.00 special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Presentence Investigation Report thereto, barring any errors therein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2025
      Brooklyn, New York